UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| The SL Liquidating Post-Consummation Committee, *et al.*, | : | Case No. 1:12-mc-00001 |
| | : | Chief Judge Susan J. Dlott |
| Plaintiffs, | : | |
| | : | Bank. Case No. 1:09-bk-12869 |
| v. | : | |
| | : | Bankruptcy Judge Burton Perlman |
| Juilfs Legacy Limited Partnership, *et al.* | : | |
| | : | ORDER DENYING MOTION TO |
| Defendants. | : | WITHDRAW THE REFERENCE TO |
| | : | THE BANKRUPTCY COURT |
| | : | |

This matter is before the Court on the Motion to Withdraw the Reference to the Bankruptcy Court filed by Defendants William Tillinghast Trust #1, William Tillinghast Trust #2, William Tillinghast Trust #3, Jacqueline Kennedy Morgan, Gary Kennedy, Mark Kennedy, Barbara Kennedy, and Kevin Kennedy.  (Doc. 1.)  For the reasons that follow, the Court will **DENY** the Motion to Withdraw the Reference.

**I.**

This adversary proceeding was referred to the Bankruptcy Court pursuant to General Order 05-02 of the United States District Court for the Southern District of Ohio.  Defendants move to withdraw the reference from Bankruptcy Court back to this District Court pursuant to 28 U.S.C. § 157(d) and (e).  Section 157(d) provides in relevant part as follows:

> (d) The district court may withdraw, in whole or in part, any case or proceeding referred under this section [to the bankruptcy judges for the district], on its own motion or on timely motion of any party, for cause shown. . . .

28 U.S.C. § 157.  The term "for cause" is not defined in the statute.  Defendants, as the movants, bear the burden of establishing cause for the withdrawal.  *Holland v. LTV Steel Co., Inc.*, 288

1

B.R. 770, 773 (N.D. Ohio 2002); *In re Southern Indust. Mech. Corp.*, 266 B.R. 827, 834 (W.D. Tenn. 2001).  Section 157(e) provides that the Bankruptcy Court may conduct a jury trial under the statute if jurisdiction for trial is granted by the District Court and all parties give express consent.  28 U.S.C. § 157(e).  Defendants in this case have requested a jury trial, but have not consented to the jury trial being held by the Bankruptcy Court.  Accordingly, the trial in this matter must be held in District Court.  Defendants seek this Court to withdrawal the referral to Bankruptcy Court and handle all pretrial matters, including dispositive motions, as well.

District courts examine multiple factors when determining whether to withdraw a referral including:

> whether the proceeding is core or non-core to the bankruptcy court's jurisdiction; whether it is legal or equitable in nature; the efficient use of judicial resources; prevention of forum shopping; and the effect of the ruling on uniformity in administering bankruptcy law.

*Messinger v. Chubb Group of Ins. Cos*., No. 1:06MC00121, 2007 WL 1466835, at *1 (N.D. Ohio May 16, 2007); *see also In re Canter*, 299 F.3d 1150, 1154 (9th Cir. 2002) (substantially similar); *In re Orion Pictures Corp.*, 4 F.3d 1095, 1101 (2d Cir. 1993) (substantially similar); *In re Oasis Corp.*, No. C2-08-00288, 2008 WL 2473496, at *1 (S.D. Ohio June 18, 2008).  "Core proceedings are those that involve rights provided by federal bankruptcy law and that arise in the context of the bankruptcy."  *Nukote Int'l, Inc. v. Office Depot, Inc.*, No. 3:09-0921, 2009 WL 3840482, at *4 (M.D. Tenn. Nov. 16, 2009).  The determination of whether a proceeding is core or non-core can be critical, in part because questions of efficiency and uniformity can be dependent upon the determination.  *Orion Pictures*, 4 F.3d at 1101; *In re Oasis Corp.*, 2008 WL 2473496, at *2.

Several courts in this District have favored permissive withdrawal only in extraordinary,

unusual, or compelling circumstances. *See e.g., Nicole Energy Servs., Inc. v. McClathey*, No. 2:06-cv-0162, 2007 WL 915199, at *3 (S.D. Ohio Mar. 26, 2007) (requiring extraordinary or compelling circumstances); *In re Elder-Beerman Stores Corp.*, Nos. 95-33643, C-3-96-378, C-3-97-299, 97-3189, 1997 WL 1774875, at *2 (S.D. Ohio Aug. 1, 1997) (requiring unusual, but not extraordinary circumstances); *In re Federated Dept. Stores, Inc.*, 189 B.R. 142, 144 (S.D. Ohio 1995) (requiring extraordinary circumstances). A district court has discretion as to whether to withdraw the reference even if several of the factors favor withdrawal. *See In re O'Neal*, No. 5:08-MC-00043, 2008 WL 3932153, at *3 (N.D. Ohio Aug. 20, 2008), *reconsideration denied*, 2008 WL 4561546 (N.D. Ohio Oct. 13, 2008). Concerns of efficiency and uniformity weigh against withdrawal where the Bankruptcy Court case has been pending for several years, is complex, and might result in piecemeal adjudication of the issues. *See Nicole Energy Servs.*, 2007 WL 915199, at *3–4; *William D. Mundinger Trust u/a 10/13/99 v. Lamson & Sessions Co.*, No. 04:07MC064, 2007 WL 2874695, at *2 (N.D. Ohio 2007).

Examination of the relevant factors indicates that the referral should not be withdrawn in this case. Primarily, Defendants have stipulated that the claims in this matter qualify as core proceedings under 28 U.S.C. § 157(b). (Doc. 1 at 4.) "[H]earing core matters in a district court could be an inefficient allocation of judicial resources given that the bankruptcy court generally will be more familiar with the facts and issues." *Orion Pictures*, 4 F.3d at 1101. Additionally, other related adversary proceedings currently are pending in the Bankruptcy Court. Permitting the Bankruptcy Court to oversee all of the adversary proceedings in one place simultaneously should facilitate judicial economy. For these reasons, the Court will not withdraw the referral.

**II.**

For the foregoing reasons, Defendants' Motion to Withdraw the Reference to the Bankruptcy Court (doc. 1) hereby is **DENIED**.

**IT IS SO ORDERED.**

                                                     s/Susan J. Dlott
                                                 Chief Judge Susan J. Dlott
                                                 United States District Court